UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
ANGEL G. VIZNAI, et al.,

                Plaintiffs,                  <u>ORDER</u>
                                                                         07-CV-4173 (ERK)

   -against-

UNITED HOMES OF NEW YORK, INC., et al,

                Defendants.
----------------------------------------------------------------x
GOLD, STEVEN M., U.S.M.J.:

        By Order dated March 31, 2009, the Honorable Edward R. Korman granted plaintiffs' motion for default judgment against Mitchell and Anne Bruton and referred the issue of damages to me to report and recommend. Absent a further application by plaintiffs, however, a determination of damages should be deferred to a later stage of this litigation for several reasons.

        First, in a multi-defendant case,

> where some but not all defendants have defaulted, the courts have consistently held that it is appropriate to enter judgment solely as to liability and not as to the amount of damages to be assessed against the defaulting party, since a separate determination of damages would pose the prospect of inconsistent judgments.

*Montcalm Publ'g Corp. v. Ryan*, 807 F. Supp. 975, 978 (S.D.N.Y. 1992) (internal quotation marks and citation omitted). This principle derives from the Supreme Court's decision in 1872 in *Frow v. De La Vega*, 82 U.S. 552 (1872). The *Frow* holding has been narrowed to cases involving true joint liability. *Friedman v. Lawrence*, 1991 WL 206308, at *2 (S.D.N.Y. Oct. 2, 1991). *See also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976). Nonetheless, courts have also consistently delayed damages inquests even where a plaintiff seeks joint and several liability in order "'to avoid the problems of dealing with inconsistent damage

determinations.'" *Lawrence v. Vaman Trading Co.*, 1993 WL 190266, at *2 (S.D.N.Y. May 28, 1993) (quoting *In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1261-62 (7th Cir. 1980)). *See also Cho v. Koam Med. Servs., P.C.*, 524 F. Supp. 2d 202, 205 (E.D.N.Y. 2007) (hearing a damages inquest against all defendants after the bench trial of the appearing defendant in a FLSA action); *3947 Austin Blvd. Assocs. v. M.K.D. Capital Corp.*, 2006 WL 785272 (S.D.N.Y. Mar. 24, 2006) (concluding that assessment of damages against defaulting defendants was premature, even though defendants jointly and severally liable); *Montcalm*, 807 F. Supp. at 978 (same); *but see Int'l Gemmological Instit., Inc. v. Rafaeil*, 2005 WL 3880222, at *3 (S.D.N.Y. Aug. 17, 2005) (finding no reason to delay damages assessment despite concerns of inconsistency).

Determining the damages to be imposed against the defaulting defendants at this stage of the litigation would pose a risk of inconsistent awards. In this case, it is not clear whether all of the defendants together were joint FLSA "employers." *See* Judge Korman's Memorandum & Order, Docket Entry 47 (denying the United Homes defendants summary judgment on the grounds that there was conflicting evidence as to whether the United Homes defendants were plaintiffs' employer under the FLSA). Additionally, discovery against the non-defaulting defendants may yield evidence beneficial to plaintiffs in calculating their damages. Accordingly, any damages inquest against the defaulting defendants should be stayed until all of the defendants' liability has been established in order to avoid inconsistent judgments.

In addition, plaintiffs have been granted leave to file an amended complaint to add new defendants. The potential addition of new defendants heightens the risk of inconsistent judgments. Furthermore, the filing of an amended complaint would render the defaults of the Brutons a nullity. "It is well established that an amended complaint ordinarily supersedes the

original and renders it of no legal effect."[1] *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668-69 (2d Cir. 1977).

Moreover, plaintiffs seek certification as a collective action pursuant to 29 U.S.C. § 216(b), for unpaid wages on behalf of themselves and others similarly situated. Compl. ¶ 5. Therefore, any damages inquest should be held after this case has been certified as a collective action, so that all opt-in plaintiffs have an opportunity to present their damages calculation to the court.

Finally, Federal Rule of Civil Procedure 54(b) provides that "a court may direct the entry of a final judgment as to one or more but fewer than all of the . . . parties only upon an express determination that there is no just reason for delay. . . ." If plaintiffs seek to proceed with a damages inquest against the defaulting defendants at this stage of the litigation, as opposed to deferring the inquest until the claims against the appearing defendants have been resolved, they shall submit a memorandum of law explaining why this court should conclude that "there is no just reason to delay" pursuant to Rule 54(b). *See Smith ex rel. Smith v. Half Hollow Hills Cent. Sch. Dist.*, 298 F.3d 168, 171 (2d Cir. 2002).

---

[1] If plaintiffs file an amended complaint, the defaulting defendants must be included in any new complaint if plaintiffs wish to pursue their claims against the defaulting defendants, and plaintiffs must seek new default judgments against them if they again fail to appear.

For all these reasons, and absent further application by plaintiffs, this Court will defer any determination of damages with respect to the Bruton defendants. Plaintiffs shall serve a copy of this Order on all defaulting defendants at their last known addresses.

**So Ordered.**

/s/
**Steven M. Gold**
**United States Magistrate Judge**

**April 3, 2009**
**Brooklyn, New York**